**Ronald W. EVANS, Plaintiff/Petitioner–Appellant,**

v.

**Daniel R. McBRIDE, et al., Defendants/Respondents–Appellees.**

Nos. 94–2584, 94–2591.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 7, 1996.

Decided Aug. 30, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 24, 1996.

Barry Levenstam, Jerold S. Solovy, Andrew M. Jacobs (argued), Jenner & Block,

---

Chicago, IL, for Plaintiff–Appellant in No. 94–2584.

Martha J. Arvin (argued), Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees in No. 94–2584.

Jerold S. Solovy, Andrew M. Jacobs (argued), Jenner & Block, Chicago, IL, for Petitioner–Appellant in No. 94–2591.

Matthew C. Robinson, Diane Marger Moore, Martha J. Arvin (argued), Office of the Attorney General, Indianapolis, IN, for Respondents–Appellees in No. 94-2591.

Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Investigators exploring a smuggling ring through which employees provided drugs to prisoners at the Westville Correctional Center in Indiana found a pound of marijuana in a post office box assigned to a prison employee named Harrison. Two confidential informants told investigator Michael Spears that the weed was bound for inmate Ronald Evans. Spears relayed that information to the prison disciplinary board in writing; the board denied Evans' request that Spears appear and submit to cross examination. Evans and Tommy Rodriguez (another inmate) testified at the hearing that the informants must have confused him with another Evans, an employee who Rodriguez insisted was to be the recipient of the drug. The board was not persuaded, remarking that the informants supplied more than a last name: they described the would-be recipient as "offender Ronald Evans on A–4 who worked the trash truck. There is only one offender Evans on A–4 working the trash truck." With that observation, the board found Evans guilty and stripped him of 180 days' good time credits.

Evans responded with a flurry of lawsuits, two of which he still pursues. He wants a writ of habeas corpus under 28 U.S.C. § 2254 restoring the good time credits, and he wants damages under 42 U.S.C. § 1983 from Daniel McBride and Roger Deutcher. Deutcher was the chairman of the disciplinary board, McBride the warden of Westville. How McBride could be required to pay damages for his subordinates' conduct of a disciplinary hearing eludes us, but it is not necessary to prolong that inquiry because *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), precludes monetary relief while a prison disciplinary order stands. *Heck* dealt with a criminal conviction, but we held in *Miller v. Indiana Department of Corrections*, 75 F.3d 330 (7th Cir.1996), that *Heck*'s rationale applies to prison discipline. Whether that understanding is correct is before the Supreme Court in *Edwards v. Balisok*, certiorari granted, —— U.S. ——, 116 S.Ct. 1564, 134 L.Ed.2d 664 (1996), but until the Supreme Court tells us otherwise we shall implement *Miller*. Although defendants did not raise this argument in the district court, it is hard to blame them. *Heck* and *Miller* were decided after the district court acted, and they changed the approach this circuit had used for cases of this kind. Compare *Miller* with *Viens v. Daniels*, 871 F.2d 1328 (7th Cir.1989)—or for that matter compare the Supreme Court's opinion in *Heck* with ours, 997 F.2d 355 (7th Cir. 1993).

It may be, as Evans contends, that language in *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974), contemplates an award of damages for procedural errors in the conduct of a prison disciplinary proceeding, provided the prisoner avoids attacking the deprivation of good time credits. Evans has not complied with the proviso. Even if he had, it would be odd to award monetary damages (even nominal damages) for procedural errors that do not affect the outcome of a disciplinary hearing, cf. *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), while withholding compensation for grave errors that cause a loss of liberty. Yet that is the position Evans must take after *Miller*: the more trivial the error, the less its effect on the hearing, the greater his entitlement to compensation. It would be more sensible to say (as Evans also does) that damages are available for any constitutional error, great or small, with or without an effect on the outcome—but that position runs smack into *Heck*, which held that "in order to recover damages for alleg-

edly unconstitutional … imprisonment, *or for other harm caused by actions whose unlawfulness would render … [imprisonment] invalid,* a § 1983 plaintiff must prove that" the conviction or sentence has been annulled. 512 U.S. at ——, 114 S.Ct. at 2372. That passage forecloses any monetary relief for the receipt of hearsay at a criminal trial in violation of the confrontation clause of the sixth amendment, even if the prisoner is content to take the money and serve out his sentence. While the conviction stands, errors in the procedures used to secure it are not a fount of money damages. If it applies to prison discipline, *Heck* must also foreclose awards for deprivation of cross-examination before disciplinary boards. Evans contends that procedural errors in the conduct of the hearing make the 180-day extension of his imprisonment invalid, so *Heck* governs.

This conclusion brings to the fore Evans' § 2254 action and simultaneously knocks out the lead argument in his brief: that the district court granted summary judgment in the § 1983 case without following Fed. R.Civ.P. 56 and giving the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982). Rule 56 and *Lewis* do not regulate the conduct of § 2254 cases, conducted as they are under the special Rules Governing Section 2254 Cases in the United States District Courts. District courts adjudicate most § 2254 cases based on the state record, and they are free to dismiss petitions without formalities such as discovery and motions for summary judgment. See Rules 4, 6(a), and 8(a) of the Rules Governing Section 2254 Cases. The procedures used by the district judge complied with these rules, and the outcome of the § 2254 case dictates the disposition of the § 1983 case.

■ According to Evans, the board committed four constitutional errors, the first and most serious of which was taking away six months of his freedom without having *any* evidence of his wrongdoing. *Superintendent of Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), holds that the due process clause of the fourteenth amendment requires the custodian to have "some evidence" of wrongdoing. Evans submits that there was none in his case, because

the board's decision rests on a state law that penalizes delivering contraband to a prisoner. I.C. 35–44–3–9. Everyone agrees that the marijuana was intercepted before it reached Evans. This argument is doubly flawed. First it misunderstands the basis of the board's decision, which rests not on the criminal statute but on § 111 of the prison's administrative code. The regulation prescribes discipline for "[a]ttempting to commit any Class A offense; [or] aiding, commanding, inducing, counseling or procuring another person to commit any Class A offense". The board obviously believed that Evans induced or procured Harrison to obtain marijuana for him. Second, quite apart from § 111, is the fact that Evans' approach turns every error of state law into a violation of the Constitution. That is not what *Hill* was about, nor is it the function of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which sets minimum evidentiary standards for criminal convictions. It may be hard in practice to separate evidentiary insufficiency from a mistaken interpretation of the law's substantive requirements, compare *Bates v. McCaughtry,* 934 F.2d 99 (7th Cir.1991), with *Fagan v. Washington,* 942 F.2d 1155 (7th Cir.1991), but it is clear in principle that they differ, and that an error of state law does not authorize a writ under § 2254. *Gilmore v. Taylor,* 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993); *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

■ Three more arguments remain. Evans contends that the board violated the Constitution because it did not explicitly find the confidential informants reliable, because it did not provide an adequate explanation of its decision on the merits, and because it did not provide any explanation of its decision not to require Spears to appear and undergo cross examination. Let us assume for the moment that the Constitution required the board to explain these decisions better than it did. Why would the shortcomings support a writ of habeas corpus? Evans leaps over that question, assuming that any constitutional deficiency produces a writ—though many cases, of which *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353

(1993), is a good recent example, hold otherwise. Failure to provide a good *explanation* of a step in an administrative or judicial proceeding is some distance from committing a substantive error; perfectly proper decisions may be poorly explained. And even a mistaken decision may have limited effect on the outcome. Unless an error had a substantial and injurious influence on the proceedings, a request for collateral relief should be rejected. See also *O'Neal v. McAninch*, ——— U.S. ———, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). By confining his attention and argument to the nature of the board's explanations, Evans bypassed his opportunity to demonstrate that the poorly explained steps are erroneous—or that the errors satisfy the standard of *Brecht* and *O'Neal.* Appellate officials in the prison's disciplinary apparatus provided better explanations, and we are convinced that no substantive injustice has been done.

Resolving the case on this ground enables us to avoid considering whether amendments to § 2254 made by § 104(3) of Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214, 1219 (Apr. 24, 1996), apply to this case and, if so, how they change the law of collateral review. The question whether the amendments affect pending cases is under advisement in *Lindh v. Murphy,* 96 F.3d 856 (7th Cir. 1996) argued en banc June 17, 1996. As amended, § 2254(d)(1) provides that a writ must not issue unless the constitutional error "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". None of the decisions on which Evans relies came from the Supreme Court of the United States. Our circuit has issued a number of opinions requiring prison disciplinary officials to explain their actions more fully, e.g., *Whitford v. Boglino,* 63 F.3d 527, 536 (7th Cir. 1995); *Forbes v. Trigg,* 976 F.2d 308, 317 (7th Cir.1992); *Wells v. Israel,* 854 F.2d 995, 998–99 (7th Cir.1988); *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir.1981), but if these are extensions of (rather than glosses on) the decisions of the Supreme Court, they provide a poor foundation for relief under the amended § 2254. Our insistence that the Constitution requires the disciplinary board itself to provide these explanations is in some tension with the conclusion of *Ponte v. Real,* 471 U.S. 491, 497, 105 S.Ct. 2192, 2196–97, 85 L.Ed.2d 553 (1985), that constitutionally required reasons may be offered later, even for the first time in the federal litigation. Counsel representing prisoners and the state in future cases under § 2254 should pay close attention to this subject.

The district court's order denying the § 2254 petition is affirmed. The order dismissing the § 1983 suit is vacated, and the case is remanded for dismissal without prejudice under *Heck.*