101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorenzo L. STONE-BEY, Petitioner-Appellant,
v.
H. Christian DEBRUYN, et al., Respondents-Appellees.
 No. 95-3214.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 14, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Lorenzo L. Stone-Bey appeals from the denial of his petition filed pursuant to 28 U.S.C. §§ 2241 and 2254. Stone-Bey claims that he was denied due process in prison disciplinary proceedings, for which he received a sanction of three years of disciplinary segregation. We affirm.
 
 
 2
 At the outset, we note the state's argument that Stone-Bey lacks a protectable liberty interest under Sandin v. Conner, 115 S.Ct. 2293 (1995). However, the state does not cite to evidence in the record to support this contention; it merely alleges in its brief that "[w]ith a few minor differences, such as reduced recreation time and phone time, the conditions in disciplinary segregation are the same as in the protective custody units at the Indiana State Prison." These allegations are insufficient for us to determine whether Stone-Bey suffered an "atypical and significant hardship" from his disciplinary sanction, Sandin, 115 S.Ct. at 2300, and we would remand for a determination on this issue if Stone-Bey might otherwise have a claim for violation of due process. See Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996); Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir.1995) (per curiam). However, because Stone-Bey did receive due process, a remand would be pointless.
 
 
 3
 Assuming that Stone-Bey was deprived of a protected liberty interest, he was entitled to:
 
 
 4
 1) advance (at least 24 hours before hearing) written notice of the claimed violation; 2) the opportunity to be heard before an impartial decisionmaker; 3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and 4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.
 
 
 5
 Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992)[1] (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985), and Wolff v. McDonnell, 418 U.S. 539 (1974)). He was also entitled to a decision supported by "some evidence." Hill, supra.
 
 
 6
 Stone-Bey claims that he was not given fair notice of the charge, because the Notice of Disciplinary Hearing and the Report of Conduct he received merely stated the offense as "Violation Federal, State and Local Law," and cited the number of the rule violated (A-100). However, the Report of Conduct also described the incident at issue, alleging that at about 10:30 A.M. on May 24, 1994, Stone-Bey "was to receive a package containing approximately 64 grams of marijuana, and approximately 12 grams of Heroine [sic] from offender Moore," and that "[t]he drugs were going to [Stone-Bey] from Moore to be dispensed into the offender population for monitary [sic] gain." The clear import of this factual summary was that Stone-Bey was being charged with an attempt to possess and/or distribute drugs; and any reasonable person would realize that such conduct violates the law (regardless of which jurisdiction's law). We recently explained that a prisoner "has a right to notice of the charges against him 'in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.' The notice should include 'the number of the rule violated and a summary of the facts underlying the charge.' " Whitford, 63 F.3d at 534 (quoting Wolff, 418 U.S. at 564, and Adams v. Carlson, 375 F.Supp. 1228, 1237 (E.D.Ill.1974), aff'd in part, rev'd in part on other grounds, 521 F.2d 168 (7th Cir.1975)). Though the rule cited (violation of any federal, state, or local law) is quite vague, the nature of the charge is clear. See id. Accordingly, we conclude that Stone-Bey received constitutionally sufficient notice.
 
 
 7
 Stone-Bey also argues that he was denied the opportunity to call as witnesses the two prison guards (Musik and Rodgers) who found the package of drugs involved in this case, the supervisor of the prison library from which or to which the drugs were to be sent, and the charging officer (Caldwell). Much if not all of Stone-Bey's claim is that he was denied the right to confront or cross-examine the witnesses against him, a right that does not exist in prison disciplinary proceedings. Rasheed-Bey, 969 F.2d at 361 (citing Baxter v. Palmigiano, 425 U.S. 308, 322-23). It may be that he wished to call the prison library supervisor as a witness on his behalf; but Stone-Bey does not indicate how the supervisor's testimony would have helped him. Thus, he cannot show that the outcome would have been different had he presented this witness.
 
 
 8
 Stone-Bey complains that the written summary of the hearing and decision was constitutionally inadequate, because it failed to record certain witness testimony and documentary evidence presented to the hearing officer. Whether Wolff might provide some right to a record of the proceedings and the evidence, see Wolff, 418 U.S. at 565, the core of the right is "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," see id at 564-65; Rasheed-Bey, 969 F.2d at 361. The written summary of Stone-Bey's hearing shows that the hearing officer did not rely upon the evidence that Stone-Bey claims was not recorded, but rather on the conduct report, investigative file, and voice stress analysis (VSA) test result. Consequently, the written summary allows for meaningful review of the decision, and thereby satisfies due process. See Wolff, 418 U.S. at 565; Forbes v. Trigg, 976 F.2d 308, 319 (7th Cir.1992) (citing cases).
 
 
 9
 According to Stone-Bey, the VSA test result was insufficiently reliable to form a basis for the decision. This court has held that results of polygraph tests are admissible in disciplinary proceedings, despite the debate over the reliability of polygraphs, and regardless of their admissibility in civil or criminal proceedings. Lenea v. Lane, 822 F.2d 1171, 1173-74 (7th Cir.1989). A leading case on voice stress analysis tests decided there was no principled distinction between polygraph results and VSA test results. Barrel of Fun, Inc. v. State Farm Fire & Casualty Co., 739 F.2d 1028, 1031 (5th Cir.1984).[2] Accordingly, we conclude that VSA test results, like the polygraph results at issue in Lenea, are admissible in disciplinary proceedings. While Stone-Bey contends that the test in his case was unreliable, because of poor execution of the test, he does not complain that he was not able to present this argument in his testimony to the court.[3] Reliance on the VSA test did not violate due process.
 
 
 10
 Stone-Bey's next claim is that he failed to receive a meaningful administrative review. See Forbes, 976 F.2d at 319 (citing Smith v. Stoner, 594 F.Supp. 1091, 1110 (N.D.Ind.1984). However, the review that Stone-Bey received was in no way "pro forma," id.; the decision of the reviewing body is fairly detailed and addresses most if not all of Stone-Bey's arguments. Contrary to Stone-Bey's allegation, he received a meaningful review of the hearing officer's decision both as to procedure and as to substance. See id. at 319-20.
 
 
 11
 We pause for a moment to consider the applicability of section 104 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), enacted during the briefing period for this appeal. The Act's amendments to 28 U.S.C. § 2254(d) are applicable to pending cases, Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), petition for cert. filed, No. 96-6298 (U.S. Oct. 10, 1996), even if the state has not invoked them in a particular case, Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir.1996). As amended, § 2254(d)(1) provides that a writ of habeas corpus must not issue unless the constitutional error "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Lindh, 96 F.3d at 868-71; Evans v. McBride, 94 F.3d 1062, 1064 (7th Cir.1996). This means that Stone-Bey must be able to rely on decisions of the Supreme Court--not extensions of those decisions--or else he cannot prevail under the amended § 2254(d)(1). See Lindh, 96 F.3d at 869; Evans, 94 F.3d at 1064.
 
 
 12
 With the amended § 2254(d)(1) in mind, we turn to Stone-Bey's remaining claims. Stone-Bey argues that he was denied exculpatory evidence--specifically, written statements by several witnesses--that might have assisted his defense. This court has held that an inmate is entitled to disclosure of exculpatory evidence, unless that disclosure would unduly threaten institutional concerns. Rasheed-Bey, 969 F.2d at 361; Chavis v. Rowe, 643 F.2d 1281, 1285-86 (7th Cir.), cert. denied sub nom. Boles v. Chavis, 454 U.S. 907 (1981). However, it is clear that this holding is an appellate extension of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), from the context of criminal prosecutions to the context of prison disciplinary proceedings. See Chavis, 643 F.2d at 1285-86. No Supreme Court case has made this extension. Therefore, under the amended § 2254(d)(1), even if Stone-Bey was denied exculpatory evidence, and even if that denial was not harmless, Stone-Bey would not be entitled to habeas relief.
 
 
 13
 Lastly, Stone-Bey suggests that he was deprived of an impartial decisionmaker, because the hearing officer had been named by him as a defendant in an unrelated case.[4] Wolff does require impartial decisionmakers at disciplinary hearings. Wolff, 418 U.S. at 571; Redding v. Fairman, 717 F.2d 1105, 1112-13 (7th Cir.1983), cert. denied, 104 S.Ct. 1282 (1984). But the meaning of "impartial decisionmaker" is not completely clear. We have noted that the Third Circuit followed Justice Marshall's concurrence in Wolff to hold that "due process prohibits 'only those officials who have had a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role in the circumstances underlying the charge, from sitting on the disciplinary body." Redding, 717 F.2d at 1113 (7th Cir.1983) (quoting Rhodes v. Robinson, 612 F.2d 766, 773 (3d Cir.1979)). While Redding read Wolff somewhat more broadly, see id. at 1112-13, the Rhodes decision shows that Wolff does not clearly prohibit defendants in unrelated cases from sitting on disciplinary boards. Cf. Whitford, 63 F.3d at 534 (citing, inter alia, Rhodes ). The Supreme Court has not itself explained how broadly Wolff should be interpreted. So again, Stone-Bey has no clear Supreme Court precedent upon which to rely.
 
 
 14
 For the foregoing reasons, the judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We note that Stone-Bey should be familiar with due process protections in prison disciplinary proceedings, because (under a prior name) he was the plaintiff-appellant in Rasheed-Bey v. Duckworth
 
 
 [2]
 Because polygraph results were inadmissible at trial in the Fifth Circuit at that time, Barrel of Fun held that VSA results were likewise inadmissible at trial. Id. The Fifth Circuit has since abrogated the per se rule of inadmissibility for polygraph results. United States v. Posado, 57 F.3d 428 (5th Cir.1995)
 
 
 [3]
 He does complain that he was not allowed to cross-examine the investigator who administered the test. However, the inability to cross-examine another witness does not affect the ability to testify or present evidence on one's own behalf
 
 
 [4]
 Stone-Bey's similar claim that he was deprived of an impartial investigation has no merit. A prisoner does not have a right to an impartial investigation, only to a fair hearing and impartial decisionmaker. The prisoner can cure the effects of an impartial investigation by presenting evidence of this impartiality, or by explaining why the results of the investigation are not credible. Stone-Bey does not contend that he was denied such an opportunity