106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald W. SHEPHARD II, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 96-1890.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Jan. 6, 1997.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ronald W. Shephard II was sanctioned by the Indiana Department of Corrections for escaping from the Indiana Youth Center. After exhausting all administrative appeals, Shephard filed a petition for a writ of habeas corpus challenging the constitutionality of the disciplinary proceeding. On January 17, 1995, the district court granted his petition, finding that Shephard received inadequate notice and was "entitled to more and correct process, i.e., a new hearing given after a new minimum notice of 24 hours." The district court ordered that the sanctions imposed on Shephard would be expunged unless within 30 days he received a new hearing with a minimum of 24 hours notice. On February 14, 1995, Shephard received a new hearing at which the Conduct Adjustment Board (CAB) of the Indiana Reformatory found him guilty of escaping from the Indiana Youth Center. The sanction imposed was a deduction of 436 days of earned credit time, a demotion in credit time earning class from credit class I to credit class III, and disciplinary segregation for 720 days.[1] Following a denial of his administrative appeals, Shephard once again sought habeas corpus relief under 28 U.S.C. § 2254 alleging due process violations in the new disciplinary proceeding. The district court denied the petition and we affirm.[2]
 
 
 2
 We conduct a plenary review of a district court's denial of a petition for writ of habeas corpus. Lord v. Duckworth, 29 F.3d 1216, 1219 (7th Cir.1994). To establish his entitlement to habeas corpus relief, Shephard must show that the CAB determination was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996, § 104, Pub.L. 104-132, 110 Stat. 1214.
 
 
 3
 The minimum due process that an inmate in a prison disciplinary proceeding must have includes: 1) at least 24 hours' advance written notice of the charges against him; 2) a right to call witnesses and present documentary evidence, unless doing so would jeopardize institutional safety or correctional goals; 3) the aid of a fellow inmate or staff member, if the inmate is illiterate or the issues are complex; 4) an impartial decision maker; and 5) a written statement of the evidence and reasons upon which the fact finders relied. Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974). As the above procedures were followed and the prison disciplinary board's decision is supported by "some evidence" the requirements of due process were met. Superintendent, Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445, 454 (1985); Evans v. McBride, 94 F.3d 1062, 1064 (7th Cir.1996).
 
 
 4
 First, Shephard argues that he was arbitrarily denied the right to call witnesses. Shephard was given notice of a disciplinary hearing three times in February. The third notification session occurred on February 10, and voided the prior sessions. (Appellant's Br. at 19). This session stated that the disciplinary hearing would take place on February 15.[3] At this notification session Shephard refused to give a list of requested witnesses, unlike the prior two sessions at which Shephard listed five inmates that he desired to call as witnesses. (Appellant's Separate App. at 58, 63). However, on February 13, Shephard submitted a letter to the notification session officer requesting that five inmates and three staff members be listed as requested witnesses on his last notification session. (Id. at 66-67). The CAB apparently found this to be an untimely request. When the disciplinary hearing was conducted a day early on February 14, Shephard was informed that he could not call any witnesses because he failed to request any at the last notification session and that the five inmates listed previously were not available due to being out of the system. (Id. at 70).
 
 
 5
 Shephard contends that several of the witnesses actually were available. (Id. at 62, 84). However, even if we assume that neither of the two grounds given by the CAB were valid, due process was not violated since it is clear that the testimony of the witnesses would have been irrelevant. Wolff, 418 U.S. at 566. Shephard implies that the inmate witnesses would have provided mitigating evidence by testifying that his escape was caused by duress or necessity. (Appellant's Br. at 27). However, their testimony could not have helped because Shephard explained why he escaped in stating, "I could have stayed and did my time. We [Shephard and another inmate] just wanted to see if we could do it. To see if we could get away with it." (In Camera documents, Confidential Interview at 9).
 
 
 6
 Shephard asserts that the three officials he desired to call as witnesses would have testified that one of the board members participated in his notification sessions, indicating that he was denied an impartial decision maker in violation of due process. This testimony would have been irrelevant since the participation was not disputed. Shephard received an impartial decision maker as there is no warrant in the record for concluding that the CAB "presents such a hazard of arbitrary decisionmaking that it should be held violative of due process of law." Wolff, 418 U.S. at 571.
 
 
 7
 Shephard also complains that due process was violated because he did not receive a copy of the conduct report at the notification sessions, an accurate summary of evidence to be used against him, and the disclosure of the information in the confidential interview that officials conducted after his capture. However, Shephard admits that in March 1993, nearly two years before the disciplinary hearing at issue, he was given a conduct report detailing the events on which he was charged. (Appellant's Br. at 8; Appellee's Brief, App. at 2; R. 1 at 2). Prison authorities were entitled to withhold release of the confidential information that explained how Shephard escaped because it could be a threat to institutional safety or correctional goals. Wolff, 418 U.S. at 555-56, 565-66.
 
 
 8
 Shephard next argues that his due process rights were violated because he was made to appear at the disciplinary hearing on less than 24 hours' notice. On February 10, 1995, Shephard was informed that his hearing would take place on February 15, 1995, however the hearing took place a day earlier. The purpose of the minimum 24 hour notice requirement is so that the inmate has an opportunity to prepare for the appearance before the CAB. Id. at 564. Since the hearing was still four days after he received notice, due process was not violated.
 
 
 9
 Shephard's third argument is that as a result of his assigned lay advocate being substituted at the hearing due to unavailability, he was unable to present witness statements and defense documents that his original advocate possessed. Since Shephard was not illiterate and the issues in this case were not complex, due process did not require that he receive the assistance of a lay advocate. Id. at 570. Accordingly, the substitution did not violate due process.
 
 
 10
 Additionally, Shephard argues that the CAB merely recommended a sanction and that the proper procedures under Indiana law for approval and implementation of this sanction were not followed. Shephard also contends that the hearing violated numerous Indiana statutes. These claims only allege violations of state law and it has been repeatedly held that "federal habeas relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).
 
 
 11
 Shephard's final argument is that the district court improperly denied his motion to strike the exhibits submitted by the Respondent in his memorandum in support of response to show cause. Shephard contends that these exhibits were not properly authenticated because the certification of records failed to individually list the documents to which it was applicable. (Appellant's Separate App. at 85). However, this omission does not render the exhibits inadmissible. United States v. Pent-R-Books, 538 F.2d 519, 528 (2d Cir.1976), cert. denied, 430 U.S. 906 (1977). Additionally, even if the certification was improper for failing to list the individual documents, that is a harmless error which does not warrant reversal. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); O'Neal v. McAninch, 115 S.Ct. 992, 994 (1995).
 
 
 12
 For the reasons stated above, Shephard was not denied due process under the amended § 2254[4] and accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 These sanctions are identical to the ones that Shephard originally received at his first disciplinary proceeding on March 16, 1993
 
 
 [2]
 Also before this court is Appellant's motion to strike Appellee's supplemental citations pursuant to Fed.R.App.P. 28(j) and Circuit Rule 28(j) which cites Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996), and the Antiterrorism and Effective Death Penalty Act of 1996, § 104, Pub.L. 104-132, 110 Stat. 1214 (Antiterrorism Act). Shephard's motion asserts that the citations should be stricken as Appellee's brief fails to cite the Antiterrorism Act and because the amended 28 U.S.C. § 2254 does not apply to administrative hearings. This motion is denied as we have held that § 2254 as amended applies to pending cases. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996). Additionally, we have previously suggested that the amended statute applies to administrative body determinations. Evans v. McBride, 94 F.3d 1062, 1065 (7th Cir.1996)
 
 
 [3]
 Shephard asserts that this notification session provided insufficient notification because the case was incorrectly identified as "RDC 92-10-0361," rather than "IYC 92-10-0361." The first three letters of the case number indicates where the offense occurred, with "IYC" referring to the Indiana Youth Center. On the prior February 6, notification session the proper case number for the disciplinary proceeding was given. We find that this minor technical error on the February 10, notification session did not fail to inform Shephard of the charges against him nor did it prevent him from having an opportunity to prepare a defense. Wolff, 418 U.S. at 564
 
 
 [4]
 We have applied the recent amendment to § 2254(d) of the habeas corpus statute enacted under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 100 Stat. 1214, in accordance with our holding in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996). In this case, the result is not affected by our decision to retroactively apply the new standards of § 2254(d) to Shephard's petition. Shephard was not denied an impartial decision maker. Redding v. Fairman, 717 F.2d 1105, 1113 (7th Cir.1983), cert. denied, 465 U.S. 1025 (1984). He still would not have had a right to call any of the desired witnesses. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992); Forbes v. Trigg, 976 F.2d 308, 318 (7th Cir.1992), cert. denied, 507 U.S. 950 (1993). Shephard also would not have been entitled to receive the confidential interview, Rasheed-Bey v. Duckworth, 969 F.2d 357, 361-62 (7th Cir.1992), nor would there have been a due process violation as a result of the substitution of his lay advocate, Miller v. Duckworth, 963 F.2d 1002, 1003-4 (7th Cir.1992)