UNITED STATES of America,
Plaintiff–Appellee,

v.

Alon MONIGAN, Defendant–Appellant.

No. 96–3710.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1997.

Decided Oct. 29, 1997.

Bruce E. Reppert (argued), Office of the U.S. Atty., Fairview Heights, IL, for Plaintiff–Appellee.

Joseph R. Lopez (argued), Chicago, IL, for Defendant–Appellant.

Before BAUER, RIPPLE and EVANS, Circuit Judges.

BAUER, Circuit Judge.

On March 25, 1996, Alon Monigan was arrested for possession of 897 grams of cocaine base, or crack cocaine. Monigan was convicted on July 17, 1996, following a three day jury trial, on one count of possession with intent to distribute approximately 800 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Monigan appeals his conviction, arguing that: (1) the evidence was insufficient as a matter of law to establish beyond a reasonable doubt that he possessed 800 grams of crack cocaine; (2) defense counsel's ineffective assistance deprived him of his constitutional right to counsel; and (3) the district court erred in failing to give the "testifying police officer bias" question during voir dire. For the reasons stated below, we affirm.

## BACKGROUND

On March 25, 1996, a call was broadcast over the East St. Louis police radio requesting officers to be on the lookout for a suspicious individual carrying what was believed to be a microwave oven or a television set. Already in the area, Officer Ken Berry headed off to respond to the call. Shortly thereafter, Officer Berry observed the defendant Alon Monigan walking down the street, carrying a black bag with white handles. Officer Berry continued down the street past the defendant, until a few minutes later when he received a second broadcast stating that the suspect may have been spotted by other officers. Officer Berry made a U-turn and returned to the approximate area where he had previously spotted the defendant.

When Officer Berry returned to the area, he found two fellow police officers, Officers Cherry and Murphy, looking through a fence. Officers Cherry and Murphy were also in the area at the time of the first radio dispatch, and were traveling down the same street Officer Berry had traveled only minutes before. Unlike Officer Berry who continued past the defendant, Officers Cherry and Murphy turned the corner in their squad car and drove around the block. From there they observed the defendant hiding near the side of a house. Officers Cherry and Murphy then returned to the street, got out of their car, and walked towards the defendant. They observed the defendant hiding a black bag with white handles behind the fence under stacks of wooden planks. At that moment, Officer Berry arrived on the scene. The officers ordered the defendant to halt, but the defendant attempted to flee, with the three officers following in hot pursuit. Officer Murphy apprehended the defendant as he was about to climb a fence; Officer Berry handcuffed the defendant and placed him in his squad car.

Meanwhile, Officers Cherry and Murphy returned to the area behind the fence where they saw the defendant attempting to bury the black bag. The officers called Officer Berry over to show him what was later determined to be 897 grams of cocaine base, or crack cocaine, inside the bag. Officer Berry then returned to his squad car, took out a camera, went back to the area behind the fence to photograph the black bag, and upon his return, found that the defendant had escaped. An all points bulletin ensued and the defendant was apprehended a short time later, hiding in the basement of a nearby house, still handcuffed.

On April 19, 1996, Alon Monigan was indicted on a single count of possession with intent to distribute 800 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On July 17, 1996, a jury found Monigan guilty after a three day trial. He was sentenced to 210 months' imprisonment, followed by five years of supervised release, and ordered to pay a $10,000 fine. His sentence was based on an offense level of 36 and a criminal history category of II, resulting in a sentencing range of 210 to 262 months.

On appeal, Monigan argues that: (1) the evidence was insufficient as a matter of law to establish beyond a reasonable doubt that he possessed 800 grams of crack cocaine; (2) his defense counsel's ineffective assistance deprived him of his constitutional right to counsel; and (3) the district court erred in failing to give the "testifying police officer bias" question during voir dire.

## ANALYSIS

### A. Sufficiency of the Evidence

■ Monigan argues on appeal that the evidence was insufficient as a matter of law to prove beyond a reasonable doubt that he possessed over 800 grams of crack cocaine. To convict Monigan, the government had to prove beyond a reasonable doubt that he "knowingly or intentionally possess[ed] with intent to distribute a controlled substance." 21 U.S.C. § 841(a)(1). On appeal we must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). We will reverse "only when the record is devoid of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt." *United States v. Ber-*

*chiolly,* 67 F.3d 634 (7th Cir.1995) (citations omitted).

In this case, viewed in the light most favorable to the government, the jury could have found that Monigan possessed and intended to distribute over 800 grams of crack cocaine. Both of the testifying officers, Officers Berry and Murphy, stated that they saw the defendant walking down the street carrying a black bag with white handles. Both officers also testified that they saw Monigan attempting to bury that same bag behind the fence. The jury heard the officers' testimony, assessed their credibility, and found that they did see Monigan carrying a black bag later found to contain 897 grams of crack cocaine.

We will not disturb the jury's credibility determinations. *United States v. Jackson,* 124 F.3d 206 (7th Cir.1997) (attacks on witness credibility are insufficient to sustain a challenge to the sufficiency of the evidence); *United States v. Campbell,* 985 F.2d 341, 344 (7th Cir.1993) ("We will not reweigh the evidence or re-evaluate the credibility of witnesses. That is the role of the jury, not an appellate court.") (citation omitted). Drawing all inferences in favor of the government, the defendant was not wrongly convicted. On the contrary, the evidence suggests that the police caught Monigan red-handed. The record amply supports the jury's verdict that the defendant was in possession of and intended to distribute over 800 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

## B. *Ineffective Assistance of Counsel*

Monigan also argues that he received ineffective assistance of counsel during his trial. In particular, Monigan urges this Court to find that the following five examples show a violation of his sixth amendment right to counsel: (1) counsel's failure to subpoena defense witnesses, or in the alternative, counsel's failure to ask for the missing witness instruction; (2) counsel's failure to submit the "testifying police officer bias" question to the jury on voir dire; (3) counsel's failure to request or present an escape instruction, or otherwise move *in limine* for the preclusion of flight evidence; (4) counsel's failure to raise a timely objection and/or move for a mistrial during the prosecution's closing argument; and (5) counsel's failure to raise timely objections to alleged hearsay statements.

To establish a claim for ineffective assistance of counsel, a defendant must prove that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the attorney's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The defendant "bears a heavy burden when seeking to establish an ineffective assistance of counsel claim." *Jones v. Page,* 76 F.3d 831, 840 (7th Cir.1996) (quoting *Drake v. Clark,* 14 F.3d 351, 355 (7th Cir.1994)).

To satisfy the first prong of the *Strickland* test, the performance element, a defendant must identify the acts or omissions of counsel that form the basis of his claim of ineffective assistance. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065; *United States v. Moya–Gomez,* 860 F.2d 706, 763–64 (7th Cir.1988). A court's review of counsel's performance is highly deferential, presuming reasonable judgment and declining to second-guess strategic choices. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986); *United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir.1997) (citing cases). With regards to the second prong, the prejudice element, "the defendant must show that there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Moya–Gomez,* 860 F.2d at 764.

Monigan argues that his defense counsel was ineffective because he failed to subpoena Officer Cherry to testify. Monigan maintains that Officer Cherry was the only witness to see him attempt to hide the black bag. Accordingly, Monigan argues that trial counsel had a duty to ensure that Officer Cherry was subpoenaed to testify, or in the alternative, defense counsel had a duty to request a missing witness instruction. We disagree.

Officer Murphy testified at trial that he saw the defendant walking down the street

with a black bag, and that he and fellow Officer Cherry later saw the defendant hiding a black bag as they looked on from behind a wooden fence. Officer Murphy testified that his partner ordered the defendant to stop, and that the defendant fled the scene. Similarly, Officer Berry testified at trial that he saw the defendant walking down the street, carrying a black bag with white handles, while he was responding to the broadcast issued over his police radio. He testified that he continued past the defendant until receiving word via radio dispatch that the suspect was spotted in the area he just passed. Officer Berry testified that he then made a U-turn and drove until he caught up with the officers who spotted the defendant. According to Officer Berry's testimony, he arrived at the scene while the two officers were peering through a fence.

This testimony was judged by the jury as credible and sufficient to convict Monigan of the crime charged. The jury believed that Monigan was carrying a black bag, that he later tried to hide the bag, and that the bag was found to contain almost a kilogram of cocaine. Trial counsel's failure to call yet a third officer to corroborate this testimony can hardly be considered prejudicial. Monigan does not present any evidence, either in the form of an affidavit or a police report, that would lead us to believe that if Officer Cherry had testified he would have contradicted his fellow officers' prior testimony. Without more, we can only assume that Officer Cherry would have testified consistent with his fellow officers.

At oral argument, counsel for Monigan argued that if Officer Cherry were to take the stand, the officer would either lie and testify consistent with his fellow officers, or he would tell the "truth" and admit that he planted almost a kilogram of cocaine on Monigan. Monigan's appellate counsel urged us that, if given the opportunity on remand, he will be able to elicit on cross-examination an admission that Officer Cherry in fact planted a kilogram of cocaine Monigan. While counsel's self-confidence is interesting and even heartwarming, it is not particularly persuasive. Trial counsel's decision not to subpoena Officer Cherry was a strategic one well within reasonable limits. *See United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) ("A lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review."). It was entirely within counsel's discretion to decline calling a witness whose testimony he believed to be cumulative.

■ Similarly, it was entirely reasonable for Monigan's trial counsel to refrain from requesting a missing witness instruction. A defendant challenging a court's refusal to give a missing witness instruction must show "not only that the testimony would have been helpful to the jury, but also that the witness was under the government's control and unavailable to the defense." *United States v. Huels*, 31 F.3d 476, 480 (7th Cir.1994). Because Monigan is challenging his counsel's refusal to request an instruction, and not the court's failure to give one, he must at least show that the testimony of the missing witness would have been helpful to the defense. As stated above, Monigan does not present any evidence that would lead us to believe that Officer Cherry's testimony would contradict that of his fellow officers. Further, this Court's Committee on Federal Criminal Jury Instructions points out that a missing witness instruction is disfavored. *See Federal Criminal Jury Instructions of the Seventh Circuit*, Pattern Instruction 3.25, Missing Witness (1980) ("It is the view of the Committee that a missing witness instruction should not be given."). Trial counsel's failure to request the instruction was not unreasonable, and does not support a claim for ineffective assistance of counsel.

■ Monigan's remaining bases for an ineffective assistance claim are similarly without merit, and we will dispose of them briefly. He argues that his trial counsel's failure to request the "testifying police officer bias" question on voir dire deprived him of his sixth amendment right to counsel. Monigan fails to provide specific facts that would lead us to believe that his counsel's performance fell below the level of reasonableness and that the result of his trial would have been different had the question been asked. The defendant has not filed a transcript of the voir dire with this Court; therefore, we can-

not review the record to determine if such a question was in fact necessary. We find that the absence of such a question does not overcome the strong presumption that counsel's conduct amounted to sound trial strategy. *Kimmelman,* 477 U.S. at 381, 106 S.Ct. at 2586; *United States v. Cooke,* 110 F.3d 1288, 1299 (7th Cir.1997).

None of defendant's remaining arguments support an ineffective assistance of counsel claim. The arguments that trial counsel was ineffective in not requesting an "escape" instruction or otherwise moving *in limine* for the preclusion of flight evidence; that counsel should have objected to the prosecutor's closing argument; and that counsel failed to raise timely objections to hearsay statements are without merit. None of these arguments, even when viewed in their entirety, overcome the presumption that counsel's conduct amounted to sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. In fact, a review of the trial transcripts filed with this Court indicate that Monigan's trial counsel was a zealous advocate on Monigan's behalf. Trial counsel filed several motions in the case, including one for a continuance so that he could be properly prepared at trial, and one to exclude reference to Monigan's prior drug conviction. Counsel also moved for a directed verdict at the close of the government's case, and moved for an arrest of judgment, or in the alternative, a new trial. Throughout trial, counsel objected to statements on the grounds of hearsay, vigorously cross-examined witnesses, put on alibi witnesses, and presented a cogent defense theory of the case. Counsel provided Monigan with more than effective assistance, and the claim of ineffective assistance of counsel must fail.

Conclusion

For the reasons stated above, the jury's verdict is AFFIRMED.