**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 10, 2005[*]
Decided November 15, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1825

| | |
|---|---|
| WILLIAM BERGHOFF, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *Petitioner-Appellant,* | |
| *v.* | No. 3:04cv0195 AS |
| JOHN R. VANNATTA, | Allen Sharp, |
| *Respondent-Appellee.* | *Judge.* |

**ORDER**

Indiana inmate William Berghoff petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 seeking to overturn the decision of a prison disciplinary board.  The district court denied the petition.  In this appeal Berghoff renews his claim that prison officials denied him due process by failing to give him adequate notice of the charge against him.  We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Berghoff was housed at the Westville Correctional Facility when staff intercepted a box of tobacco in the incoming mail.  An informant said Berghoff was responsible, and according to the investigating officer, Berghoff when interviewed admitted arranging for family members to send the tobacco to the prison.  The investigator also reported that another inmate, William Cooley, was to conceal the tobacco until it was distributed to other inmates.  Berghoff was charged with trafficking, Ind. Dep't of Corr. Disciplinary Code for Adult Offenders, 02-04-101, App. I, Offense 113 (2004), but the parties dispute whether a copy of the investigator's conduct report was given to Berghoff when he was notified of the charge at screening on July 25, 2003.  The state maintains that it was, and the state's copy of the report includes that handwritten date next to Berghoff's purported signature.  Berghoff, though, insists he did not receive a copy of the conduct report until six days later at his July 31 disciplinary hearing.  His copy is not signed.

Berghoff, who denied making an inculpatory statement to the investigator, was found guilty and sanctioned with six months of disciplinary segregation and the loss of 120 days of earned credit time.  He unsuccessfully appealed this decision to both the facility head and the final reviewing authority.

In this court, Berghoff abandons all but his claim that he did not receive adequate notice of the charge against him as required by the Due Process Clause.  A prisoner charged with violating a disciplinary rule is entitled to written notice of the specific offense and the underlying facts at least 24 hours before the matter is adjudicated. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (per curiam); *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) (per curiam).

Berghoff contends that notice was deficient in his case because, he says, he was not given a copy of the conduct report until his disciplinary hearing.  The district court ruled, and the state argues, that Berghoff did not exhaust his administrative remedies with respect to this claim because he did not mention it in his initial appeal to the facility head.  Indeed, Berghoff admits that he did not present his notice claim to the facility head, and if this was the determinative question we would agree with the state that Berghoff failed to exhaust.  *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (suggesting that a prisoner must present his claims to "each administrative level" to exhaust administrative remedies).  However, if the final reviewing authority decided Berghoff's notice claim on the merits despite his failure to raise it at the first level of administrative review, then this claim would be deemed exhausted.  *See Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).  Berghoff conceded in the district court that the final reviewing authority did not decide his notice claim, but now he appears to argue the opposite.  We believe the decision of the final reviewing authority is unclear on this

point, and rather than decide the question, we conclude that Berghoff's claim fails on the merits.

Berghoff has not explained how the allegedly deficient notice prejudiced him. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (per curiam) (applying harmless error analysis to due process claim in prison disciplinary context); *see also Ward v. Sternes*, 334 F.3d 696, 708 (7th Cir. 2003); *Evans v. McBride*, 94 F.3d 1062, 1065 (7th Cir. 1996). Although Berghoff says he did not receive a copy of the conduct report until his hearing, he never explicitly alleged in the district court that prison officials failed to relate the contents of the conduct report when they told him about the charge at screening, six days before the hearing. In fact his copy of the screening document is signed by him and is dated July 25. This document discloses that Berghoff was charged with violation number 113, trafficking. The document also memorializes Berghoff's intention to call William Cooley as a witness on the premise that Cooley would testify he "never held anything" for Berghoff. So Berghoff was well aware of the factual basis for the charge. He knew the charge was trafficking, and that it involved Cooley hiding some contraband for him. He also knew enough to identify a potential supporting witness. Berghoff does not say what else he would have done if he had received a copy of the conduct report earlier.

Accordingly, we AFFIRM the decision of the district court.