NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2008[*]
Decided March 27, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3622

| | |
|---|---|
| JOHN W. KELLER, JR., | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:07-cv-1250-JDT-TAB |
| J. DAVID DONAHUE, | |
| *Respondent-Appellee*. | John Daniel Tinder, *Judge*. |

**O R D E R**

John Keller is an Indiana prison inmate who lost good-time credits when he was found guilty in a disciplinary proceeding of possessing an electronic device without authorization. Keller filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that prison officials did not follow the procedures outlined in the disciplinary

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

handbook when they put him in segregation pending his hearing and did not give him the reports and forms the handbook requires. He also charged that the sanctions against him were excessive.

The district court summarily dismissed Keller's petition, concluding that it was legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). The court reasoned that Keller's petition and attachments were enough to demonstrate that he received all the process due under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985). The court added that the alleged violations of prison regulations did not implicate federal law and thus could not support a claim under § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Evans v. McBride*, 94 F.3d 1062, 1064 (7th Cir. 1996); *Del Vecchio v. Ill. Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994).

On appeal Keller disputes the district court's reasoning and presses his contention that prison officials did not follow the guidelines in the handbook. But, as the district court recognized, Keller has no cognizable claim arising from the prison's application of its regulations. What matters is the Due Process Clause. *Wolff* holds that an inmate cannot be deprived of a liberty interest through a disciplinary proceeding unless he receives (1) written notice of the charge at least 24 hours before the hearing, (2) the opportunity to be heard before an impartial decision-maker, (3) the opportunity to call witnesses and present evidence, and (4) a written statement from the finder of fact identifying the evidence and reasoning underlying the disciplinary action. 418 U.S. at 563-67; *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, *Hill* requires that the decision of a prison conduct board be supported by "some evidence." 472 U.S. at 454; *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). Keller admits that he waived his rights to a 24-hour notice period, to call witnesses, and to have the evidence presented at the hearing. And he acknowledges that guards found two prohibited cell phones and battery chargers in his cell. Instead of addressing any potential constitutional defect, all of his arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process.

Moreover, Keller's contention about being placed in segregation while awaiting his hearing suffers from another flaw. The choice to house an inmate in segregation rather than with the general population affects the severity, not the duration, of confinement; an inmate in segregation is not "in custody" for purposes of § 2254 and cannot use habeas corpus to challenge the sanction. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).

AFFIRMED.