**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 14, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-1732

| | |
|---|---|
| GREGORY J. TURLEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-1052-SCW |
| | |
| CHAD TODARO and LUCAS MAUE, | Stephen C. Williams, |
| *Defendants-Appellees.* | *Magistrate Judge*. |

**O R D E R**

Gregory Turley, an Illinois prisoner, brought this action under 42 U.S.C. § 1983, asserting that two correctional officers, Chad Todaro and Lucas Maue, retaliated against him for his prior grievances and lawsuits by threatening and assaulting him and by giving him a disciplinary ticket for fabricated misconduct. After a jury trial and verdict in favor of the correctional officers, Turley timely moved for a new trial, *see* FED. R. CIV.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

P. 59(a)(1)(A), alleging juror bias and evidentiary errors. The district court denied his motion. We affirm.

Turley based his motion for a new trial upon three arguments, each of which was rejected by the magistrate judge who presided with the parties' consent. First, he argued that the court erred in denying his motion to dismiss the empaneled jury, which, he said, became biased in favor of the correctional officers upon hearing statements from dismissed jurors that they were likely to believe law enforcement officers over prisoners. The magistrate judge disagreed, stating that no jurors had suggested that they could not decide in Turley's favor or that they would believe only law enforcement officers. The judge added that there was no evidence that any juror was biased or could not be impartial in light of what other potential jurors had said during the voir dire.

Second, Turley contended that the district court wrongly refused to admit the results of a voice stress analysis test that the prison administered after he filed a grievance against the defendants. In his view, the results of the test, which evaluated his physiological responses to questions about the incidents that he alleged in the grievance, reliably suggested that he was not lying when he accused Todaro and Maue of assaulting him. He pointed to our observation in another case that voice stress analysis test results are admissible in prison disciplinary proceedings, *see Stone-Bey v. Debruyn*, No. 95–3214, 1996 WL 665972, at *2 (7th Cir. Nov. 14, 1996), and he emphasized that the prison required him to take this test and administered it. But the magistrate judge stood by his prior decision to exclude the test results on grounds that voice stress analysis tests "are less than reliable and thus offer[] little probative value in the civil trial setting," as compared to the "unique" setting of prison disciplinary hearings that are not governed by the Federal Rules of Evidence.

Third, Turley contended that he should have received a new trial because the court erred in refusing to admit similar testimony from another prisoner, Sherrell Towns, who would have testified that the officers also had assaulted him and filed a false disciplinary report against him. Turley maintained that the court wrongly barred this testimony as inadmissible evidence under FED. R. EVID. 404(b)(1)—believing that it was being used to show that the officers acted consistently with prior bad acts—and that he wanted to introduce Town's testimony under FED. R. EVID. 404(b)(2) to show that the officers had the specific intent to violate his First Amendment right to file grievances and lawsuits. The court rejected Turley's argument because it required an impermissible propensity inference: Turley sought to use Towns's testimony "to

demonstrate just what Rule 404(b) prohibits, that Defendants retaliated against Plaintiff because they previously retaliated against Towns in a very similar manner and under similar circumstances."

On appeal Turley's brief repeats word for word the arguments that he made in his motion for a new trial. We have reviewed them and conclude that, for substantially the reasons given by the district court, it did not err in refusing to grant a new trial. As a final matter, we cannot assess Turley's argument that the district court erred in keeping the empaneled jury, which he says, heard prejudicial statements by dismissed jurors, because he did not submit a transcript of the voir dire. *See* FED. R. APP. P. 10(b)(1); *United States v. Monigan*, 128 F.3d 609, 612–13 (7th Cir. 1997).

AFFIRMED.