**Lorenzo L. STONE–BEY,**
**Plaintiff–Appellant,**

v.

**John BARNES, Defendant–Appellee.**

No. 96–1428.

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1997.

Decided July 22, 1997.

Todd G. Vare (argued), Barnes & Thornburg, Indianapolis, IN, for Plaintiff–Appellant.

James D. Dimitri, Rafal Ofierski (argued), Office of the Attorney General, Indianapolis, IN, for Defendant–Appellee.

Before CUDAHY, FLAUM, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Lorenzo Stone–Bey is an inmate at Indiana State Prison who was found guilty by hearing officer John Barnes of threatening another inmate. Based upon that finding, Barnes sentenced Stone–Bey to a one-year term in disciplinary segregation. After his administrative appeals failed, Stone–Bey filed this action against Barnes and others under 42 U.S.C. § 1983, seeking damages for alleged violations of his Fourteenth Amendment rights. After dismissing Stone–Bey's claims against the other defendants, the district court eventually entered summary judgment for Barnes, finding that Stone–Bey had not established that his segregation sentence produced an "atypical and significant hardship" under the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 483, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). *Stone–Bey v. Barnes*, 913 F.Supp. 1226 (N.D.Ind.1996). Stone–Bey appeals only that portion of the judgment here, arguing that his sentence of disciplinary segregation did impose an "atypical and significant hardship" under *Sandin*. Although we find that judgment was properly entered for Barnes, we reach that conclusion without resolving the *Sandin* issue. We instead conclude that Stone–Bey cannot currently maintain this action under section 1983 because he has not complied with the requirements of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as extended to prison disciplinary proceedings in *Edwards v. Balisok*, —— U.S. ——, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Because under *Heck* and *Edwards*, Stone–Bey's claims are not yet cognizable under section 1983, they must be dismissed without prejudice.

## I.

Prison investigator Karl Swihart received a report that on April 20, 1993, inmate Stone–Bey had threatened to have inmate Raymond Bowens "eliminated" if Bowens did not satisfy an outstanding debt owed to Stone–Bey. In investigating that report, Swihart interviewed Bowens, who told him that Stone–Bey had made the threat because Bowens owed Stone–Bey $75.00 on a drug debt. Swihart then gave Bowens a voice stress analysis test, which indicated that Bowens was not being deceptive in saying that Stone–Bey had threatened him. In the course of his investigation, Swihart also obtained a signed statement from another inmate who indicated that he had witnessed Stone–Bey's threat. Swihart then wrote the following summary of the investigation in his report:

Investigation has determined that several weeks ago offender Bowens purchased $75.00 worth of marijuana from offender Stone. Offender Bowens failed to pay offender Stone as they had previously arranged. On April 20, 1993 at approximately 7:30 p.m. while at recreation offender Stone approached Bowens and demanded his money. At that time Stone told Bowens in the presence of witnesses, that if he did not pay him that Stone would have Bowens eliminated.

(R. 25, Ex. C–1.) At the same time, Swihart prepared a conduct report charging Stone–Bey with violating a provision of the prison code by threatening Bowens. Stone–Bey was provided a copy of that conduct report along with notice of a disciplinary hearing to be held before the Conduct Adjustment Board.

Stone-Bey's hearing commenced on May 12, 1993, with defendant Barnes serving as the hearing officer. At Stone–Bey's request, the written statements of three inmates were read into the record, and Stone–Bey then testified on his own behalf. Later in the hearing, Barnes was told by another member of the prison's staff that Bowens had recanted his allegation, which prompted Stone–Bey to request dismissal of the charge. Barnes denied that request but continued the hearing until May 19.

When the hearing reconvened, Barnes found from a preponderance of the evidence that Stone–Bey had threatened Bowens. In a section of the Disciplinary Hearing Report headed "Finding of fact and evidence relied upon," Barnes wrote the following:

The conduct report, offender/lay advocate statement, investigative file ISP 93–061, witness statement have been reviewed for evidence. The preponderance of evidence indicates that the offender did threaten Bowen[s] per information from investigative report ISP 93–061.

(R. 25, Ex. D.)[1] Having found Stone–Bey guilty of the "threatening" charge, Barnes imposed a sentence of one year in disciplinary segregation. Stone–Bey was serving a life sentence, but at the time, he had become eligible for a clemency hearing. As a result of the guilty finding on the "threatening" charge and the sentence of disciplinary segregation, however, Stone–Bey lost the opportunity for that hearing.

Stone-Bey appealed Barnes' decision to the prison superintendent and then to the Disciplinary Review Manager of the Indiana Department of Corrections. Both appeals failed, prompting Stone–Bey to file this action under section 1983. The suit was filed pro se and alleged various violations of Stone–Bey's due process rights under the Fourteenth Amendment. Now represented by appointed counsel, Stone–Bey's initial complaint has been distilled into two related due process claims: (1) that the record is devoid of any reliable evidence supporting Barnes' finding of guilt on the "threatening" charge; and (2) that Barnes failed to provide an adequate written record of the evidence relied upon to support that finding.

1. In this litigation, Barnes submitted an affidavit further explaining his finding. (R. 59, Ex. A.) He indicated that it was based in part on the fact that there was a signed statement in the investigative file from another inmate who had witnessed Stone–Bey's threat, and on the fact that Bowens had passed a voice stress analysis test. That evidence had caused Barnes to discount the reliability of Bowens' recantation. (Id.)

## II.

■ Barnes argued to the district court that under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994), Stone–Bey's claims are not currently cognizable under section 1983 because he has not established that his conviction or sentence on the disciplinary charge "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The district court rejected that argument, concluding that *Heck* applies only to criminal judgments and not to "judgments" rendered in prison disciplinary proceedings. *Stone–Bey v. Swihart,* 898 F.Supp. 1287, 1294–95 (N.D.Ind.1995). We have since taken a contrary position, however, holding in a series of cases that *Heck* applies to "judgments" rendered in the prison disciplinary setting. *E.g., Dixon v. Chrans,* 101 F.3d 1228, 1230–31 (7th Cir.1996); *Evans v. McBride,* 94 F.3d 1062, 1063–64 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 991, 136 L.Ed.2d 872 (1997); *Miller v. Indiana Dep't of Corrections,* 75 F.3d 330, 331 (7th Cir. 1996). In *Edwards v. Balisok,* —— U.S. ——, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), moreover, the Supreme Court confirmed the correctness of our view. For purposes of this case, then, the question is whether *Heck* bars the particular section 1983 claims advanced by Stone–Bey here.

Preliminarily, we note that Stone–Bey was sentenced only to a period of disciplinary segregation, whereas *Edwards, Dixon, Evans,* and *Miller* all involved disciplinary proceedings in which a prisoner's good-time credits also were revoked, thereby extending the duration of his confinement. Does it make any difference in applying *Heck* that the sentence imposed was one of disciplinary segregation alone, as opposed to segregation coupled with a loss of good-time credits? *See Edwards,* —— U.S. at ——, 117 S.Ct. at 1586 (applying *Heck* to inmate deprived of good-time credits in conjunction with period of isolation and period of segregation). In our view, it does not. The Supreme Court was concerned in *Heck* not only with the particular sentence imposed, but also with the fact of the prisoner's conviction itself. The Court therefore indicated that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 487, 114 S.Ct. at 2372–73; *see also Evans,* 94 F.3d at 1064 ("While the conviction stands, errors in the procedures used to secure it are not a fount of money damages."). The "conviction" in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the plaintiff's section 1983 claim necessarily would imply the invalidity of that finding, then *Heck* bars the claim until such time as its requirements are satisfied. *See Edwards,* —— U.S. at —— ——, 117 S.Ct. at 1587–88. It is clear as well that those requirements can be met even where the sentence imposed is only one of disciplinary segregation. In this case, for example, Stone–Bey could have satisfied *Heck* by pursuing his administrative appeals within the state system (which he did to no avail), or by filing a petition for a writ of habeas corpus in federal district court. *See McCollum v. Miller,* 695 F.2d 1044, 1046 (7th Cir.1982) (habeas corpus available for prisoner unlawfully confined in disciplinary segregation); *see also Allen v. Duckworth,* 6 F.3d 458, 461 (7th Cir.1993), *cert. denied,* 510 U.S. 1132, 114 S.Ct. 1106, 127 L.Ed.2d 417 (1994); *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir.1991) (reaffirming *McCollum*).[2] Given that, we find the instant prison disciplinary "judgment" to be within the scope of *Heck. See Clayton–EL v. Fisher,* 96 F.3d 236, 244–45 (7th Cir.1996) (*Heck* applies to

---

2. Indiana does not provide for judicial review in the state courts once a prisoner's administrative appeals have been exhausted. *See Markham v.*

*Clark,* 978 F.2d 993, 994 (7th Cir.1992); *Harris v. Duckworth,* 909 F.2d 1057 (7th Cir.1990).

any claims relating to Clayton–EL's confinement in disciplinary segregation).

■ Having decided that, we must consider whether Stone–Bey's section 1983 claims would "necessarily imply the invalidity" of that judgment. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372; *see also Edwards*, —— U.S. at ——, 117 S.Ct. at 1588. Acceptance of Stone–Bey's principal claim—that his due process rights were violated because the record is devoid of any reliable evidence supporting Barnes' finding of guilt—clearly would imply the invalidity of Stone–Bey's conviction on the "threatening" charge. *Cf. Superintendent, Massachusetts Correctional Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985) (to comport with due process, findings of prison disciplinary board in revoking good-time credits must be supported by some evidence in the record). Thus, because Stone–Bey's conviction still stands, that claim is not currently cognizable under section 1983.

■ The impact for *Heck* purposes of Stone–Bey's second claim—that Barnes failed to provide an adequate written record of the evidence relied upon to support his finding—is less clear. Three concurring Justices in *Edwards* suggested that an identical claim in that case "would not necessarily imply the invalidity of the deprivation of [Edwards'] good-time credits, and therefore is immediately cognizable under § 1983." —— U.S. at ——, 117 S.Ct. at 1589 (Ginsburg, J., concurring (joined by Justices Souter and Breyer)). Although Justice Scalia's opinion for the Court in *Edwards* briefly mentioned the allegation that there had been no written statement by the hearing officer of the evidence supporting his finding of guilt, that opinion focused primarily on the plaintiff's "allegations of deceit and bias on the part of the decisionmaker," expressing neither agreement nor disagreement with Justice Ginsburg's concurring statement. *Id.* at ——, ——, 117 S.Ct. at 1587, 1589.

Yet assuming that the position of the concurring Justices is correct, we do not think that helps Stone–Bey here. As we indicated earlier, Stone–Bey's claims are related in the sense that the premise of both is the lack of any reliable evidence to support Barnes' finding of guilt. Although the lack of a written statement of the evidence relied upon may provide an independent basis for a due process claim under section 1983 (*see Wolff v. McDonnell*, 418 U.S. 539, 564–65, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1974); *see also Edwards*, —— U.S. at ——, 117 S.Ct. at 1589 (Ginsburg, J., concurring)), Stone–Bey has not argued that that claim should be accorded separate treatment under *Heck* in these circumstances. Indeed, at oral argument, his counsel treated the claims together when addressing the impact of *Heck*, in effect conceding that both claims would be barred if the Supreme Court in *Edwards* were to agree with this court that *Heck* applies in the prison disciplinary setting. Stone–Bey, in other words, has never asked us to permit him to proceed on the second claim even if the first falls under *Heck*; he has instead treated the two claims as one for *Heck* purposes. And for good reason: in these circumstances, Stone–Bey is not so much concerned with the alleged lack of a written statement of reasons as he is with the alleged lack of any reliable evidence to support Barnes' finding of guilt. In that sense, his second claim is merely a complement to the first, and it is not surprising that he would not wish to proceed independently on that claim if we should find that his primary claim is currently barred.[3] Thus, without foreclosing the possibility that a claim under *Wolff* based on the lack of a written statement of reasons and evidence would in a different case be immediately cognizable under section 1983, we find that in the present case, it is not. Stone–Bey's primary due process claim—that there is no evidence supporting the disciplinary judgment—currently is barred by *Heck*, and to the extent that the second claim can be sepa-

---

**3.** Even if Stone–Bey were to make out a violation of his procedural rights, he would only be entitled to nominal damages for that violation because any harm resulting from his placement in disciplinary segregation would not be compensa-

ble until his conviction on the disciplinary charge was invalidated by a state tribunal or by a federal writ of habeas corpus. *Heck*, 512 U.S. at 487 n. 7, 114 S.Ct. at 2372 n. 7.

rated from the first, any argument that this claim is not also barred has been waived.

### III.

■ After granting summary judgment to Barnes, the district court entered judgment dismissing Stone–Bey's claims with prejudice. Yet because Stone–Bey's section 1983 claims against Barnes are not yet cognizable under section 1983, they should have been dismissed without prejudice. *See Edwards*, —— U.S. at ——, 117 S.Ct. at 1589; *Evans*, 94 F.3d at 1065. We therefore vacate the district court's judgment in Barnes' favor and remand with instructions to dismiss without prejudice under *Heck* the claims addressed to that defendant. Barnes shall recover his costs in this appeal.

VACATED AND REMANDED.