[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-1047

YUSUF M. ALI,

Plaintiff, Appellant,

v.

SHEILA HUBBARD, ET AL.,

Defendants, Appellees.


[Hon. Reginald C. Lindsay, U.S. District Judge] 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



Yusuf M. Ali on brief pro se. 
Scott Harshbarger, Attorney General and Susanne G. Levsen, 
Assistant Attorney General, on brief for appellees.
Brian W. Brady and Gillespie & Associates on brief for appellees, 
John Chapman and Harry Collins.
Roger H. Randall and Law Offices of Bruce R. Fox on brief for 
appellee Barbara Quinn.



August 27, 1997


Per Curiam. Plaintiff/appellant Yusuf M. Ali appeals 

the dismissal of his federal civil rights claims arising out

of the revocation of his parole in 1994. We affirm.

Only one of Ali's claims merits extended discussion.

Ali claims that defendant parole board members violated his

right to due process when they failed to disclose to him,

during his parole revocation hearing, the actual documents on

which they based their decision. Assuming arguendo that such 

a failure to disclose is a violation of federal due process,

see United States ex rel. Carson v. Taylor, 540 F.2d 1156, 

1161-63 (2d Cir. 1976); see also Morrissey v. Brewer, 408 

U.S. 471, 489 (1972) (due process requires "disclosure to the

parolee of evidence against him"), we nevertheless find that

Ali's claim was properly dismissed. 

"[A] state prisoner's claim for damages [and declaratory

relief] is not cognizable under 42 U.S.C. 1983 if 'a

judgment in favor of the plaintiff would necessarily imply

the invalidity of his conviction or sentence,' unless the

prisoner can demonstrate that the conviction or sentence has

previously been invalidated." Edwards v. Balisok, 117 S.Ct. 

1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 

487 (1994)). This is true not only when the prisoner

challenges the judgment as a substantive matter but also when

he challenges "procedures . . . such as necessarily to imply

the invalidity of the judgment." Id. at 1587. This 

-2-

principle applies to prison disciplinary hearings, id., as 

well as to revocation and denials of parole, Butterfield v. 

Bail, 1997 WL 414250 (9th Cir. July 25, 1997) (denial of 

parole); Littles v. Board of Pardons and Paroles Div., 68 

F.3d 122, 123 (5th cir. 1995) (revocation of parole); Schafer 

v. Moore, 46 F.3d 43, 44-45 (8th Cir. 1995) (denial of 

parole). 

Ali claims that, "because the evidence used by the

hearing panel was withheld from him, . . . he was denied the

opportunity to meet the case against him in a meaningful

manner and was thus wrongfully condemned to reincarceration."

Appellant's Brief at 12. Thus, a judgment in favor of Ali's

due process claim would "necessarily imply the invalidity of

[the revocation of his parole]." Heck 512 U.S. at 487; see 

also DeWitt v. Ventetoulo, 6 F.3d 32, 36-37 (1st Cir. 1993) 

(granting habeas relief to prisoner whose parole had been

revoked in violation of due process), cert. denied, 511 U.S. 

1032 (1994). Since Ali has not shown that the revocation of

his parole has been invalidated, his claim for monetary and

declaratory relief must be dismissed. See Butterfield, 1997 

WL 414250 (no cognizable claim under 1983 where prisoner

alleged that defendants violated his due process rights in

finding him ineligible parole on the basis of incorrect

information); Stone-Bey v. Barnes, 1997 WL 409423 (7th Cir. 

July 22, 1997) (claim that due process rights of prisoner

-3-

were violated because record was devoid of evidence

supporting disciplinary action barred by Balisok). 

As to Ali's other federal and state law claims, we

affirm the dismissal essentially for the reasons given by the

district court in its memorandum and order, dated January 26,

1996.

Affirmed. 

-4-