USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1047 YUSUF M. ALI, Plaintiff, Appellant, v. SHEILA HUBBARD, ET AL., Defendants, Appellees. ____________________ [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Yusuf M. Ali on brief pro se. ____________ Scott Harshbarger, Attorney General and Susanne G. Levsen, __________________ ___________________ Assistant Attorney General, on brief for appellees. Brian W. Brady and Gillespie & Associates on brief for appellees, ______________ ______________________ John Chapman and Harry Collins. Roger H. Randall and Law Offices of Bruce R. Fox on brief for _________________ _____________________________ appellee Barbara Quinn. ____________________ August 27, 1997 ____________________ Per Curiam. Plaintiff/appellant Yusuf M. Ali appeals __________ the dismissal of his federal civil rights claims arising out of the revocation of his parole in 1994. We affirm. Only one of Ali's claims merits extended discussion. Ali claims that defendant parole board members violated his right to due process when they failed to disclose to him, during his parole revocation hearing, the actual documents on which they based their decision. Assuming arguendo that such ________ a failure to disclose is a violation of federal due process, see United States ex rel. Carson v. Taylor, 540 F.2d 1156, ___ ______________________________ ______ 1161-63 (2d Cir. 1976); see also Morrissey v. Brewer, 408 ___ ____ _________ ______ U.S. 471, 489 (1972) (due process requires "disclosure to the parolee of evidence against him"), we nevertheless find that Ali's claim was properly dismissed.  "[A] state prisoner's claim for damages [and declaratory relief] is not cognizable under 42 U.S.C. 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 117 S.Ct. _______ _______ 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, ____ ________ 487 (1994)). This is true not only when the prisoner challenges the judgment as a substantive matter but also when he challenges "procedures . . . such as necessarily to imply the invalidity of the judgment." Id. at 1587. This __ -2- principle applies to prison disciplinary hearings, id., as __ well as to revocation and denials of parole, Butterfield v. ___________ Bail, 1997 WL 414250 (9th Cir. July 25, 1997) (denial of ____ parole); Littles v. Board of Pardons and Paroles Div., 68 _______ ____________________________________ F.3d 122, 123 (5th cir. 1995) (revocation of parole); Schafer _______ v. Moore, 46 F.3d 43, 44-45 (8th Cir. 1995) (denial of _____ parole).  Ali claims that, "because the evidence used by the hearing panel was withheld from him, . . . he was denied the opportunity to meet the case against him in a meaningful manner and was thus wrongfully condemned to reincarceration." Appellant's Brief at 12. Thus, a judgment in favor of Ali's due process claim would "necessarily imply the invalidity of [the revocation of his parole]." Heck 512 U.S. at 487; see ____ ___ also DeWitt v. Ventetoulo, 6 F.3d 32, 36-37 (1st Cir. 1993) ____ ______ __________ (granting habeas relief to prisoner whose parole had been revoked in violation of due process), cert. denied, 511 U.S. _____ ______ 1032 (1994). Since Ali has not shown that the revocation of his parole has been invalidated, his claim for monetary and declaratory relief must be dismissed. See Butterfield, 1997 ___ ___________ WL 414250 (no cognizable claim under 1983 where prisoner alleged that defendants violated his due process rights in finding him ineligible parole on the basis of incorrect information); Stone-Bey v. Barnes, 1997 WL 409423 (7th Cir. _________ ______ July 22, 1997) (claim that due process rights of prisoner -3- were violated because record was devoid of evidence supporting disciplinary action barred by Balisok). _______ As to Ali's other federal and state law claims, we affirm the dismissal essentially for the reasons given by the district court in its memorandum and order, dated January 26, 1996. Affirmed. ________ -4-