132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fred NANCE, Jr., Plaintiff-Appellant,
v.
Paul A. SWAGMEYER, et al., Defendants-Appellees.
 No. 96-3950.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 21, 1997.*
Decided December 1, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 94 C 44; Paul E. Riley, Judge.
 Before FLAUM, RIPPLE, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Fred Nance, Jr. appeals the dismissal of his complaint for failure to state a claim upon which relief can be granted. Nance brought his complaint pursuant to 42 U.S.C. § 1983, alleging that he was confined to disciplinary segregation for thirty days in violation of several of his constitutional rights. Although we find that Nance's complaint was properly dismissed, we reach that conclusion without examining whether the complaint failed to state a claim upon which relief can be granted. We instead conclude that Nance currently cannot maintain this action pursuant to § 1983 because he has not complied with the requirements of Heck v. Humphrey, 512 U.S. 477 (1994).
 
 
 2
 While incarcerated at the Centriala Correctional Center, Nance was confined to disciplinary segregation for thirty days based on disciplinary charges that Nance claims were false. Nance was charged with "intimidation or threats" and "false information to an employee." Nance claims that the information he gave to the employee was true and based on information given to him by another employee. When Nance was charged by a disciplinary report, he was placed immediately in temporary confinement. At the subsequent disciplinary hearing, an adjustment committee determined that the charges against Nance were true and sentenced him to thirty days in disciplinary segregation. A review board subsequently upheld this decision.
 
 
 3
 Nance brought the present action, alleging that the disciplinary action taken against him violated his constitutional rights and seeking damages against the defendants. Nance's damages claims are not cognizable under § 1983 because his primary claim, that the disciplinary charges against him were false, if accepted, necessarily implies the invalidity of his conviction. Heck requires that before such an action can be brought, Nance must established that his sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir.1997) (quoting Heck, 512 U.S. at 487).
 
 
 4
 The Supreme Court has recognized that the requirements of Heck apply to decisions rendered in the prison disciplinary setting. Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997) (holding that a prisoner's damages claim challenging the procedures used in a disciplinary hearing, which resulted in the denial of his good time credits, necessarily implied the invalidity of the punishment imposed and was not cognizable under § 1983 because the prisoner's sentence previously had not been invalidated). This court has concluded that Edwards applies when the sentence imposed at the disciplinary proceeding is disciplinary segregation. Stone-Bey, 120 F.3d at 721.
 
 
 5
 After finding that Nance failed to state a claim upon which relief can be granted, the district court dismissed his federal claims with prejudice. Because Nance's § 1983 claims are not currently cognizable, they should have been dismissed without prejudice. See Edwards, 117 S.Ct. at 1589; Stone-Bey, 120 F.3d at 723. We therefore vacate the district court's dismissal with prejudice and remand with instructions to dismiss the action without prejudice.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)