132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James F. PORM, Plaintiff-Appellant,
v.
Howard A. PETERS, III, William O'Sullivan, Daniel Perry,
Cassandra Wright, Steve Ruiz, David Brubaker, and
Unknown Others, Defendants-Appellees.
 No. 96-2116.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1997*
Decided Dec. 16, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 95-3205; Richard Mills, Judge.
 Before FLAUM, RIPPLE and WOOD, Circuit Judge.
 
 ORDER
 
 1
 James F. Porm is presently incarcerated at the Dixon Correctional Center in Dixon, Illinois, but was imprisoned at Western Illinois Correctional Center ("WICC") when the events giving rise to his complaint began. Porm filed suit pursuant to 42 U.S.C. § 1983, alleging numerous violations of his constitutional rights stemming from defendants' investigation of his involvement in the delivery of marijuana to the prison library, and the disciplinary action taken against him.[1] The district court granted summary judgment in favor of the defendants, and this appeal followed. We affirm.
 
 
 2
 On appeal, Porm makes five arguments, none of which warrants reversal. First, Porm claims that the district court abused its discretion by refusing to give Porm more time for discovery under Rule 56(f). This claim is meritless, " 'A party invoking [Rule 56(f)'s] protections must do so in good faith by affirmatively demonstrating why he cannot respond to movant's affidavits ... and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." United States v. On Leong Chinese Merchants Assoc. Bldg., 918 F.2d 1289, 1295 (7th Cir.1990), cert. denied, 502 U.S. 809 (1991) (citation omitted).
 
 
 3
 Porm did file an affidavit stating that he needed More time to obtain counter-affidavits because he had not yet received permission from the Warden to communicate with inmates at other facilities. However, Porm failed to provide any information about the testimony anticipated from the listed persons (thirty persons in all). Accordingly, the district court did not abuse its discretion in denying Porn more time for discovery
 
 
 4
 Second, Porm contends that the district court abused its discretion in granting summary judgment in favor of defendants because defendants' motion for summary judgment failed to "state with particularity the grounds therefor," as required by Rule 7(b)(1) of the Federal Rules of Civil Procedure. Defendants sought summary judgment "for the reasons set forth in detail in the attached Memorandum of Law in Support of Defendants' Motion for Summary Judgment." Defendants contemporaneously filed a fourteen-page brief with attached exhibits explaining the bases for the motion, This is all that is required by Rule 7(b)(1). See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin, 957 F 2d 515, 517 (7th Cir.), cert. denied, 506 U.S. 829 (1992).
 
 
 5
 Third, Porm argues that the district court erred in denying his cross-motion for summary judgment, which was based on the defendants' alleged "judicial admissions." These "judicial admissions" consist of statements made by defendants in their affidavits. Porm quotes various portions of defendants' affidavits, labels them "judicial admissions," and then asserts that they substantiate his claims and entitle him to summary judgment. This is simply not true and Porm's mere allegation that it is does not entitle him to summary judgment.
 
 
 6
 Fourth, Porm claims that the district court erred in holding that he had no Fifth Amendment right with respect to questions about whether he would provide a urine sample. Because Porm has no Fifth Amendment right with respect to his urine sample, Schmerber v. California, 384 U.S. 757, 764-65 (1966), he has no Fifth Amendment right with respect to the question of whether he would provide such a sample. See United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir.1987) ("[T]he Fifth -Amendment privilege against compelled self-incrimination is a testimonial privilege and that the taking of blood samples or fingerprints is not equivalent to the taking of communicative testimonial evidence."). "[T]he privilege [against self-incrimination] is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." Schmerber, 384 U.S. at 764.
 
 
 7
 Porm also seems to claim that the district court erred in holding that his Fifth Amendment rights were not violated when defendants questioned him about his involvement with the marijuana delivery. However, the district court correctly concluded that Porm's Fifth Amendment rights were not violated because he never responded to their questions, i.e., Porm never incriminated himself
 
 
 8
 Fifth, Porm contends that the district court erred in concluding that the Adjustment Committee hearing officers (defendants Wright and Perry) were not biased against him and that false disciplinary charges do not state a claim. We do not consider the merits of these claims because the district court should have dismissed them under Heck v. Humphrey, 512 U.S. 477 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" Id. at 487. This rule applies to judgments in disciplinary proceedings. See Edwards v. Balisok, 117 S.Ct. 1584, 1588-89 (1997); Lusz v. Scot, No. 94-1601, 1997 WL 615745, at * 3 (7th Cir. Oct. 7, 1997); Stone-Bey v. Barnes, 120 F.3d 718, 721-22 (7th Cir1997).
 
 
 9
 Porno's claims of bias and false disciplinary charges imply the invalidity of his two disciplinary convictions. Although some of the charges on which Porm was convicted were later dropped, neither of his disciplinary convictions have been invalidated. Therefore, under Heck, Porm's claims should have been dismissed without prejudice. Edwards, 117 S.Ct. at 1588 (claim challenging i he hearing officer as biased necessarily implied the invalidity of that officer's judgment because "[a] criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him"); Stone-Bey, 120 F.3d at 722 (where a prisoner claims that his due process rights were violated because the record is devoid of any reliable evidence supporting his conviction, the invalidity of that conviction is clearly implied).
 
 
 10
 We MODIFY the judgment of the district court and dismiss without prejudice Porm's claims of bias and false disciplinary charges. We AFFIRM the judgment as modified.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Porm named the following persons as defendants Howard A. Peters, former Director of the Illinois Department of Corrections ("DOC"); William O'Sullivan, Warden of WICC; Daniel Perry and Cassandra Wright, WICC employees who served as the Adjustment Committee hearing officers in the disciplinary hearing about which Porn complains; Steve Ruiz and David Brubaker, internal affairs investigators; and unknown others