134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy R. BROWN, Plaintiff-Appellant,
v.
Thomas SOMMERS, Daniel R. McBride, Floyd Burton, Susan
Tappan, Robert Budak, Mark Durfey, Harold Walker,
and David Bratcher, Defendants-Appellees.
 No. 97-1823.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1997.*
Decided Jan. 6, 1998.
 
 Before FLAUM, RIPPLE and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Timothy B. Brown, an inmate incarcerated at Putnamville Correctional Facility in Indiana, appeals the district court's entry of summary judgment in favor of the defendants with respect to his claims under 42 U.S.C. § 1983. Although Brown brought numerous claims in the district court, he appeals only the district court's exclusion of certain documents he flied in opposition to defendants' motion for summary' judgment, and the dismissal of his retaliation claims on the basis of Heck v. Humphrey, 512 U.S. 477 (1994). We affirm.
 
 
 2
 The district court determined that neither Brown's affidavit nor his "statement of facts" were of evidentiary quality and, therefore, could no be considered in ruling on the parties' cross-motions for summary judgment. We review evidentiary rulings for abuse of discretion. United States v. Johnson, 127 F.3d 625, 630 (7th Cir.1997).
 
 
 3
 Brown's affidavit is too conclusory to create a genuine issue of material fact. Brown's affidavit consists of bare allegations that the defendants retaliated against him and that the defendants' "arbitrary and capricious actions" injured Brown in various ways. Because Brown fails to set forth specific facts in support of these allegations as required by Federal Rule of Civil Procedure 56(e), the district court was correct in not considering Brown's affidavit. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."), Sample v. Aldi Inc., 61 F.3d 544, 549 (7th Cir.1995) ("[C]onclusory statements in [the plaintiffs] affidavit do not create an issue of fact.") (citations omitted).
 
 
 4
 The district court's disregard of Brown's statement of facts was likewise not an abuse of discretion Brown's failure to sign the statement of facts or swear to its truthfulness under penalty of perjury rendered it inadmissible. 28 U.S.C. § 1746. See Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir.1985) ("Affidavits are admissible in summary judgment proceedings if they are made under penalties of perjury; only unsworn documents purporting to be affidavits may be rejected."); cf. Ford v. Wilson, 90 F.3d 245, 247 (7th Cir.1996) (to the extent that the complaint contains factual assertions that comply with the requirements of Rule 56(e), it can be converted into an affidavit by declaring it to be true under penalty of perjury and signing it).
 
 
 5
 Brown next contends that the district court erred in concluding that his retaliation claims were barred by Heck v. Humphrey, 512 U. § 477 (1994). The district court did not dismiss all of Brown's retaliation claims under Heck, however, it dismissed only those claims based on conduct reports that resulted in Brown being found guilty of three prison rule violations. Brown's other claims of retaliation were dismissed on different grounds. On appeal, Brown limits his retaliation claims to conduct reports and dorm transfers, which he claims were ordered by Lieutenant Thomas Sommers in retaliation for Brown's exercise his First Amendment right to file grievances against prison officials, namely, Sommers.
 
 
 6
 It is the conduct reports that raise the Heck issue. Heck holds that a prisoner's claim is not cognizable under § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. Heck unquestionably applies to prison disciplinary decisions. See Edwards v. Balisok, 117 S.Ct. 1584, 1588-89 (1997), Lusz v. Scott, 126 F.3d 1018, 1021 (7th Cir1997). Stone-Bey v. Barnes, 120 F.3d 718, 721-22 (7th Cir.1997). However, Brown challenges the motivation for the issuance of the conduct reports, not the conduct reports themselves or the resulting disciplinary convictions.
 
 
 7
 This court has recognized that retaliation for filing grievances against prison officials can state a violation of the prisoner's First Amendment rights. See Babcock v. White, 102 F.3d 267, 275 (7th Cir.1996). The threshold issue is whether Brown can show that the conduct reports were motivated by retaliation without necessarily implying the invalidity of those reports and thus the invalidity if the resulting decisions. See Stone-Bey, 120 F.3d at 722 (where a prisoner claims that his due process rights were violated because the record is devoid of any reliable evidence supporting his conviction, the invalidity of that conviction is clearly implied).
 
 
 8
 The answer to this question depends on how Brown intends to prove that the conduct reports were issued in retaliation for the exercise of his First Amendment rights. In his summary judgment briefs, Brown states that he was alleged to have violated prison rules, and he was sanctioned without just cause. Thus, Brown's theory seems to be that he did not violate prison rules as defendants charged, but that he was charge, with violating prison rules in retaliation for his filing grievances against Sommers. Because Brown's theory of retaliation implies the invalidity of his disciplinary convictions, his retaliation claim is barred by Heck.
 
 
 9
 Even absent the Heck bar, Brown has not come forward with sufficient evidence of retaliation based on the conduct reports or dorm transfers to survive summary judgment. To establish retaliation, Brown must show: (1) a chronology of events from which an inference of retaliation can be made, and (2) evidence demonstrating that Brown's "protected conduct was a motivating factor" behind the adverse actions taken against him, Babcock, 102 F.3d at 275. Brown offers no evidence other than the chronology of events. This chronology reveals that Brown's grievances were against Sommers but most of the alleged retaliation was meted out by other prison officials. Without evidence linking Sommers to the allegedly retaliatory actions of these officials, Brown cannot demonstrate that the actions were retaliation for Brown's grievances against Sommers. The district court did not err in granting summary judgment on Brown's retaliation claims.
 
 
 10
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed R.App. P. 34(a), Cir. R. 34(f)