165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John DUDLEY, Plaintiff-Appellant,
v.
Officer ESTEP, Defendant-Appellee.
 No. 97-2090.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 27, 1998.*
Decided Aug. 28, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No. TH 96-193-C-M/H. Larry J. McKinney, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 At all times pertinent to this action, John Dudley was an inmate at the United States Penitentiary at Terre Haute, Indiana. Estep is a correctional officer at the prison. Dudley brought a civil rights action against Estep under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619, (1971), alleging that Estep assaulted him in violation of the Eighth Amendment. Under the doctrine enunciated in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the district court granted summary judgment for Estep. Dudley appeals, arguing that summary judgment was inappropriate because his allegations squarely contradict Estep's version of the facts. Since the incident underlying Dudley's suit resulted in disciplinary sanctions that would be invalidated were Dudley to prevail, Dudley's Eighth Amendment claim has not accrued. Accordingly, we affirm.
 
 BACKGROUND
 
 2
 Dudley is serving a 170-month sentence for drug and firearm offenses. On August 12, 1995, he sustained minor injuries to his wrists and upper chest during a confrontation with Estep. The following day, Estep wrote an incident report charging Dudley with refusing to obey an order, insolence, and assault. Estep alleged that Dudley had become "loud" with him and then refused to submit to a search. In a follow-up report written ten days later, Estep further charged Dudley with inciting a riot. Estep alleged that he handcuffed Dudley and placed him on the floor to apply further restraint, and that Dudley began screaming to attract the attention of other inmates, who threw things at Estep and other officers.
 
 
 3
 At a disciplinary hearing held on August 29, 1995, Dudley was found guilty of refusing to obey an order, insolence towards a staff member, and minor assault. Dudley was sanctioned with thirty days in disciplinary segregation, the forfeiture of 27 days of earned good time, and a disciplinary transfer.
 
 
 4
 In July 1996, Dudley filed a Bivens complaint alleging jurisdiction under 28 U.S.C. § 1331. Seeking monetary damages, he claimed that Estep had assaulted him without justification in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Dudley alleged that Estep had intentionally slammed a door on his heel and, when he then requested to speak with a superior officer, struck him in the neck, threw him to the floor, and beat him without provocation.
 
 
 5
 The district court noted sua sponte that Dudley's allegations, if verified, would invalidate the result of the prison disciplinary hearing. Accordingly, in light of Heck, the court granted summary judgment for Estep. Dudley now appeals.
 
 ANALYSIS
 
 6
 A Bivens claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); see Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997) (Bivens actions are to be analyzed in terms of the criteria set forth in Heck ). It is well established that this rule applies to judgments in prison disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Lusz v. Scott, 126 F.3d 1018, 1021 (7th Cir.1997); Stone-Bey v. Barnes, 120 F.3d 718, 721-22 (7th Cir.1997).
 
 
 7
 Dudley does not dispute that Heck applies to his case, but instead contends that summary judgment was inappropriate because the central facts pertaining to his confrontation with Estep were in dispute. It is true that summary judgment must not be granted when a court is faced with a genuine issue of material fact. See Fed.R.Civ.P. 56(c). But a court is faced with no facts at all if no claim has accrued. Heck instructs the district court "to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the ... sentence has already been invalidated." 512 U.S. at 487. Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." 512 U.S. at 490. Here, a judgment in favor of Dudley would necessarily invalidate the sanctions imposed at his disciplinary hearing. Therefore his cause of action for damages has not accrued.
 
 
 8
 Dudley cannot "use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement." Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir.1996). Under the present circumstances, we can only conclude that Estep was entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). The district court's grant of summary judgment to Estep is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)