165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Norman FLICK, Plaintiff-Appellant,
v.
Harry G. PREFLATISH, et al., Defendants-Appellees.
 No. 98-1346.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. No. 98-4-C-D/G. S. Hugh Dillin, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERRENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Norman Flick appeals the district court's dismissal of his lawsuit for failure to state a claim upon which relief may be granted Flick's suit, which alleged violations of 18 U.S.C. § 1983 and the First, Fifth, Sixth and Eighth Amendments of the Constitution, was brought against thirty-three law enforcement, prison, and other state employees. We affirm.
 
 
 2
 In 1982, Flick was convicted in Indiana state court of six counts of official misconduct, forgery, and conspiracy to commit forgery, and was sentenced to six concurrent five-year terms of imprisonment plus an additional, consecutive thirty-year sentence for being a habitual offender. In January of 1998, Flick filed a complaint in the district court alleging that the defendants improperly had enhanced his sentence by thirty years; failed to issue him a "certificate of discharge" upon completion of his sentence; withheld his "Literary Completion Certificate" upon completion of a prison literacy class; denied him due process in connection with various prison disciplinary proceedings, sought to deny him access to grievance mechanisms; denied him rights afforded other prisoners; and improperly restricted his prison rights. Flick sought unspecified declaratory, injunctive, and monetary relief as compensation for these alleged wrongs, and also requested assistance from the court in serving each of the defendants.
 
 
 3
 The district court refused to assist Flick in serving the defendants and dismissed the lawsuit without prejudice under 28 U.S.C. § 1915(A)(b)(1) on grounds that it ran afoul of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and thus was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." While this court is undecided whether the de novo or abuse of discretion standard should govern our review of the district court's § 1915(A) dismissal, we need not resolve this matter because the district court's dismissal was proper under either standard. See Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7 th Cir.1997).
 
 
 4
 Flick first argues on appeal that the defendants improperly converted his five-year sentence to a thirty-five year sentence (by adding the consecutive thirty-year sentence) and failed to issue him a "certificate of discharge." The district court dismissed this claim on grounds that Heck prohibits him from seeking damages in connection with an allegedly unconstitutional conviction or sentence unless he first has shown "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. This ruling was correct because Flick may not seek damages stemming from an allegedly unconstitutional sentence without first obtaining a reversal or invalidation of his state court sentence. See Dixon v. Chrans, 101 F.3d 1228, 1230 (7 th Cir.1996).
 
 
 5
 Flick also seeks damages on account of his prison's grievance procedures; specifically, he claims that he was denied due process during investigations of his conduct for "trafficking" and "deception," and that the deception charge should have been, but was not, put in writing. Both the trafficking and deception charges apparently resulted in disciplinary action--including segregation, loss of good time credits, and loss of privileges--which Flick also contends was improper The district court's dismissal of Flick's grievance procedure-related claims was not in error because these claims "necessarily imply the invalidity" of the punishments imposed and thus also run afoul of Heck. See Echvards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Stone-Bey v. Barnes, 120 F.3d 718, 722 (7 th Cir1997), Clayton-EL v. Fisher, 96 F.3d 236, 244-45 (7 th Cir.1996). Flick's contention that the deception charge was not put in writing appears to be an attempt to capitalize on the language of Stone-Bey suggesting that "the lack of a written statement of evidence relied upon may provide an independent basis for a due process claim under section 1983." 120 F.3d at 722. However, as in Stone-Bey, Flick does not ask us to permit him to proceed on this independent basis even if his claim otherwise fails under Heck. Id. Thus, we need not consider whether Flick's claim is otherwise cognizable under § 1983.
 
 
 6
 Finally, Flick contends that his First, Fifth, Sixth, and Eighth Amendment rights also were violated. The district court did not mention these claims in its dismissal order because, as explained by the court in a later ruling, Flick completely failed to support these allegations in his complaint. We likewise fail to discern any basis upon which even to discuss these claims and thus conclude that they are waived on appeal. See United States v. Windom, 19 F.3d 1190, 1198 (7 th Cir.1994) (underdeveloped or perfunctory arguments citing no authority are waived).
 
 
 7
 The judgment of the district court is AFFIRMED, and two strikes are recorded against Flick under 28 U.S.C. § 1915(g) for filing a frivolous complaint followed by a frivolous appeal.
 
 
 
 *
 On the appellees' motion for an order of non-involvement on appeal due to lack of service in the district court, this court concluded that there were no appellees to be served in this appeal and that the appeal would be submitted without the filing of a brief by any appellee. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir.R. 34(f)